IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JASON JERMAINE HALL, #252285, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:15-CV-689-WKW |
| ) | [WO] |
| ROBERT BENTLEY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Jason Jermaine Hall ("Hall"), an indigent state inmate proceeding *pro se*, filed this cause of action challenging medical treatment provided to him at the Ventress Correctional Facility in August 2014.  Mr. Hall also presents myriad claims attacking actions taken against him and conditions of confinement at the Bullock Correctional Facility ("Bullock").  In the complaint, Mr. Hall requests class certification of this case on behalf of 700-plus proposed class members referenced in the complaint (Doc. # 1, at 49) and identified in an attachment to the complaint (Doc. # 1, at 52–63).  The court construes the complaint to contain a motion for class certification under Federal Rule of Civil Procedure 23.

Mr. Hall, a *pro se* inmate unschooled in the law, seeks to represent the interests of several hundred inmates currently incarcerated at Bullock.  Among other elements required to maintain a class action, litigants must demonstrate that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).  While a *pro se* inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he or

she has no concomitant right to litigate the claims of other individuals. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) (holding that the district court did not abuse its discretion "when it denied [the inmate plaintiff's] motion for class certification" because the plaintiff "cannot bring an action on behalf of his fellow . . . inmates" (citing *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008), which explained that § 1654, which permits *pro se* actions, "provides a personal right that does not extend to the representation of the interests of others" (citation and internal quotation marks omitted))). It also is clear that the competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975).

      Moreover, the court finds that the prosecution of separate civil actions will not create "a risk . . . of inconsistent or varying adjudications" with respect to any general claims for relief. Fed. R. Civ. P. 23(b)(1)(A). Finally, the questions of fact common to the proposed class members do not predominate over the questions of fact relevant to the claims of projected individual inmates. Fed. R. Civ. P. 23(b)(3); *see also Inmates, Wash. Cnty. Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980) (denying *pro se* plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals," even absent granting the request for class certification), *aff'd*, 659 F.2d 1081 (6th Cir. 1981).

Accordingly, it is ORDERED that Plaintiff's motion for class certification (Doc. # 1) is DENIED.  It is further ORDERED that this case is REFERRED back to the Magistrate Judge for additional proceedings.

DONE this 1st day of October, 2015.

                                      /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE